UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Scipar Inc.,

                Plaintiff,                              Hon. Hugh B. Scott

                                                                  07CV63A

                    v.                              **Decision**
                                                                  **& Order**

Carolyn A. Simses,

                Defendant.

_____

Before the Court are the following motions: the defendant's motion to stay discovery (Docket No. 16); the plaintiff's motion for discovery in aid of attachment (Docket No. 20).

**Background**

The plaintiff, Scipar, Inc. ("Scipar"), alleges that defendant Carolyn Simses[1] was employed by Scipar in an accounting capacity. It is alleged that in that capacity Simses paid the Scipar corporate taxes, made deposits, handled payroll, and paid the expenses of the company (she was allegedly authorized to write checks of up to $10,000.00). (Docket No. 1 at ¶ 7). Scipar asserts that from 1998 until her resignation in May of 2006, Simses undertook a scheme to misappropriate, embezzle and steal corporate funds. The plaintiff alleges that Simses provided a written statement to law enforcement officials stating that she "would create a false bill and

---

[1] The plaintiff voluntarily dismissed this action as against Kevin Simses (Docket No. 21).

1

invoice and issue a check to [herself] and make a false entry in company Quick Books indicating it was paid to a vendor supplier." (Docket No. 1 at ¶¶ 13).   Scipar is currently attempting to determine the exact amount of the purported misappropriated funds, but a alleges that it equals or exceeds $213,934.00. (Docket No. 1 at ¶ 15).   It appears that Simses is the subject of a criminal investigation into the alleged fraudulent activities.

Scipar instituted the instant action based upon diversity jurisdiction asserting state law claims of breach of fiduciary duty, conversion, unjust enrichment, and fraud.

**Motion to Stay Discovery /
Motion for Discovery in Aid of Attachment**

Simses has filed a motion seeking to stay all discovery pending the resolution of the investigation by the Erie County District Attorney into the misappropriated funds. (Docket No. 16).   Simses has asserted her Fifth Amendment right against self-incrimination with respect to the criminal investigation. (Docket No. 16 at ¶ 4).   She now seeks a stay of all discovery from her individually, as well as all third party discovery (at the time of the motion, Scipar had issued several subpoenas to various financial institutions). (Docket No. 16 at ¶ 5).

It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require.  See United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970);  Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.1986) (citing SEC v. Dresser Industries, 628 F.2d 1368, 1375 (D.C.Cir.) (en banc ), cert. denied,  449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)) (although not required a court may decide in its  discretion to stay civil proceedings pending the resolution of related criminal proceedings);  Volmar Distributors, Inc. v.

The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y.1993). Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y.1990) (citing Dresser, 628 F.2d at 1376); Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y.1985). A stay of the civil case, however, is an extraordinary remedy. In re Par Pharmaceutical, 133 F.R.D. at 13. "The Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d. Cir. 1986).

There are numerous factors that should be considered in determining whether a stay is warranted, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
>
> 2) the status of the case, including whether the defendants have been indicted;
>
> 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
>
> 4) the private interests of and burden on the defendants;
>
> 5) the interests of the courts; and
>
> 6) the public interest.[2]

---

[2] Volmar Distributors, Inc., 152 F.R.D. at 39 (citing Arden Way Associates v. Boesky, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987)).  Another factor often cited by courts in this Circuit, the interests of persons not party to the civil litigation, is not applicable here and has not been raised by the parties.

The issues in the criminal case are virtually the same as those in the civil action. Although the record does not reflect that an indictment has been issued, the parties do not dispute that Simses is the primary target of the investigation. Scipar argues against the stay as to third party discovery, but offers to agree that Simses would not have to produce documentation or give testimony until after the conclusion of the criminal case. (Docket No. 19-1 at ¶ 7).  Scipar asserts that its interests are threatened by a stay of discovery because "banking records have already disappeared." (Docket No. 19-1 at ¶ 12).  Further, Scipar points to the fact that Simses has agreed to a preliminary injunction and order of attachment over all of her property in New York State. (Docket No. 20-2. ¶ 3).

The defendant relies heavily on <u>Brock</u>, in which the Court concluded "a stay of discovery would cause no serious damage to the public interest. ... While this case alleges serious violations of ERISA, there is no allegation that, for example, plan beneficiaries are not receiving benefits to which they are currently entitled. Possible mismanagement of a pension fund simply does not present the same danger to the public interest as violations that other courts have found to warrant denial of a motion for a stay. " <u>Brock,</u> 109 F.R.D. at 120.  Here, the defendant notes that the plaintiff does not allege any ongoing activity; and thus, there is no threat of any additional loss due to the alleged conduct by the defendant.

Balancing the factors noted above, under the circumstances of this case the Court finds that a stay of third party discovery is not warranted pending the resolution of the criminal prosecution against Simses.  <u>JHW Greentree Capital v. Whittier Trust</u>, 2005 WL 1705244 (S.D.N.Y. 2005)(stay not warranted particularly where bulk of documentary evidence is

possessed by third parties). Staying all such third party discovery in this case could effectively nullify the stipulated permanent injunction and attachment of the defendant's property in New York State. (Docket No. 12).   As noted above, the plaintiff agrees to a stay of any discovery from the defendant in this matter pending the resolution of the criminal proceeding. The motion seeking to stay discovery is granted to the extent that the plaintiff is precluded from obtaining any and all discovery from Simses pending the resolution of the criminal proceedings.  The plaintiff's motion seeking discovery in aid of attachment is granted to the extent that the plaintiff may seek discovery from third parties.

**Motion to Amend**

The plaintiff has filed a motion to amend the complaint to reflect that Scipar now believes Simses's conduct resulted in more than $600,000 in losses and that Kevin Simses is no longer a defendant in the case.  The defendant shall respond to the motion by June 29, 2007; the plaintiff may reply, if necessary, by July 10, 2007.  The motion will be submitted without oral argument unless otherwise determined upon review of the papers.

So Ordered.

/s/ Hugh B. Scott<br>
United States Magistrate Judge<br>
Western District of New York

Buffalo, New York
June 21, 2007