UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Scipar Inc.,

                       Plaintiff,

v.

Carolyn A. Simses,

                       Defendant.

_____

Hon. Hugh B. Scott

07CV63A

**Decision
& Order**

Before the Court are the following motions: the defendant's motion to stay discovery (Docket Nos. 40 and 41); the defendant's motion to extend discovery (Docket Nos. 49 and 54), and the plaintiff's motion to amend the complaint (Docket No. 60).

**Background**

The plaintiff, Scipar, Inc. ("Scipar"), alleges that defendant Carolyn Simses[1] was employed by Scipar in an accounting capacity. It is alleged that in that capacity Simses paid the

---

[1] The plaintiff voluntarily dismissed this action as against Kevin Simses (Docket No. 21).

1

Scipar corporate taxes, made deposits, handled payroll, and paid the expenses of the company (she was allegedly authorized to write checks of up to $10,000.00). (Docket No. 1 at ¶ 7). Scipar asserts that from 1998 until her resignation in May of 2006, Simses undertook a scheme to misappropriate, embezzle and steal corporate funds. The plaintiff alleges that Simses provided a written statement to law enforcement officials stating that she "would create a false bill and invoice and issue a check to [herself] and make a false entry in company Quick Books indicating it was paid to a vendor supplier." (Docket No. 1 at ¶¶ 13). Scipar alleges that the exact amount of the purported misappropriated funds is uncertain, but alleges that it equals or exceeds $213,934.00. (Docket No. 1 at ¶ 15). Scipar asserts that it is a small government contractor and that as such it is required to comply with certain government imposed accounting practices. It appears that the government has or is investigating Scipar's records to determine compliance with such requirements. In addition to the recovery of the embezzled funds, Scipar seeks additional damages representing accounting and other administrative costs incurred as result of Simses' conduct. Finally, Scipar seeks to assert an indemnification claim against Simses should the federal government impose any claims or penalties against Scipar as a result of Simses' conduct. (Docket No. 60-2 at ¶ 9). Scipar instituted the instant action based upon diversity jurisdiction asserting state law claims of breach of fiduciary duty, conversion, unjust enrichment, and fraud. At the time this action was commenced, Simses was the subject of a criminal investigation by the Erie County District Attorney relating to the alleged conduct. By Order dated June 21, 2007, the Court issued a limited stay relating to discovery from Simses pending resolution of the criminal investigation against her, but not from third parties. (Docket No. 30). On October 24, 2007, the criminal investigation of the Erie County District Attorney was

concluded upon Simses' conviction and sentencing on grand larceny charges in state court resulting from that investigation (Docket No. 40 at ¶¶ 6). Simses has already paid over $200,000 in restitution to Scipar in this matter. (Docket No. 41 at ¶ 13).

On December 18, 2007, the Court conducted a pretrial conference to discuss the status of this case and to explore any possible settlement. At that conference, counsel for the plaintiff represented that federal investigators reviewing Scipar's records may decide to pursue additional criminal charges against Simses. Based upon this representation, the defendant now seeks a further stay of discovery in this matter.

**Motion to Stay Discovery**

Simses has filed a motion seeking to stay all discovery pending the resolution of any investigation by the Federal Bureau of Investigations ("FBI"), asserting that her Fifth Amendment right against self-incrimination is at risk. (Docket No. 41 at ¶ 10-12; Memorandum of Law attached to Docket No. 40, at page 1).

It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.1986) (citing SEC v. Dresser Industries, 628 F.2d 1368, 1375 (D.C.Cir.) (en banc ), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)) (although not required a court may decide in its discretion to stay civil proceedings pending the resolution of related criminal proceedings); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y.1993). Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against

self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y.1990) (citing Dresser, 628 F.2d at 1376); Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y.1985). A stay of the civil case, however, is an extraordinary remedy. In re Par Pharmaceutical, 133 F.R.D. at 13. "The Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d. Cir. 1986).[2]

Aside from a now stale and isolated comment by plaintiff's counsel, made in the context of settlement negotiations, the defendant has not presented any basis to conclude that she is under criminal investigation by the FBI or any federal agency. Furthermore, much of the discovery now sought relates to the use of Simses' assets as restrained by a preliminary injunction approved by Hon. Richard J. Arcara on February 26, 2007 (Docket No. 8). If there is a current criminal investigation relating to Simses, the scope of any such investigation is not clear and it is uncertain whether the issues in the criminal case are the same as those in the civil action. Balancing the factors noted above, under the circumstances of this case the Court finds that a stay of discovery is no longer warranted.

---

[2] There are numerous factors that should be considered in determining whether a stay is warranted, including: (1)the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. Volmar Distributors, Inc., 152 F.R.D. at 39 (citing Arden Way Associates v. Boesky, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987)). Another factor often cited by courts in this Circuit, the interests of persons not party to the civil litigation, is not applicable here and has not been raised by the parties.

**Motion to Amend**

The plaintiff has filed a motion to amend the complaint to reflect additional losses allegedly incurred by Scipar, and to assert an indemnification claim against Simses in the event that federal investigators impose a claim or penalty against Scipar due to Simses' conduct. The defendant opposes the amendment of the complaint to the extent that it seeks to assert an indemnification claim. The defendant asserts that inasmuch as the federal government has not yet made any claim or imposed any penalty against Scipar, any such indemnification claim is premature. In support of this proposition, the defendant cites to Mars Associates Inc. v. New York City Educations Construction Fund, 513 N.Y.S.2d 125, 133 (1st Dept. 1987)( a cause of action for indemnity does not arise until the obligation to pay has been established). See also Merchants Ins. Group. v. Mitsubishi Motor Credit Ass'n, 2005 WL 1631145 (E.D.N.Y.,2005)(A claim for indemnity does not arise until the prime obligation to pay has been established. Citing Burgundy Basin Inn, Ltd. v. Watkins Glen Grand Prix Corp., 51 A.D.2d 140, 146, 379 N.Y.S.2d 873, 880 (4th Dep't 1976) and Valstrey Serv. Corp. v. Bd. of Elections, 2 N.Y.2d 413, 415, 161 N.Y.S.2d 52, 53, 141 N.E.2d 565 (1957)).

The plaintiff does not controvert this state law with respect to indemnification claims, but suggests that under federal procedural law a cause of action or contingent or threatened claim may be pled. The plaintiff relies upon Oregon Environmental Council v. Kunzman, 817 F.2d. 484, 491 (9th Cir. 1987) for this proposition. In that case, the plaintiff sought to enjoin the spraying of chemical insecticides notwithstanding the fact that the defendant had indicated an intention to forgo the use of the insecticides. The Court determined that the case was ripe, however, because "the decision to use chemical insecticides is "capable of repetition yet could

evade review." <u>Oregon</u>, 817 F.2d. at 491-92.  The decision in <u>Oregon</u> is inapposite to the instant case.

In <u>Merchants</u>, the Court determined that under New York law, an unripe indemnification claim may not be maintained and was required to be dismissed without prejudice from the complaint.  <u>Merchants</u>, 2005 WL 1631145 at *2.[3]  Indeed, several other courts have held that a claim for indemnification shall be dismissed if an obligation to pay has not yet arisen. See <u>Bank of India v. Trendi Sportswear, Inc.</u>, 2002 WL 84631 (S.D.N.Y. 2002)(It is black letter law in New York that an indemnification claim does not arise until the party seeking indemnification has an out-of-pocket loss to be reimbursed.); <u>Perno v. For-med Medical Group, P.C.</u>, 176 Misc.2d 655, 673 N.Y.S.2d 849, 851 (Sup.Ct. N.Y. County 1998), app. dism., 254 A.D.2d 845, 679 N.Y.S.2d 280 (1st Dep't 1998); <u>North Star Reinsurance Corp. v. Continental Ins. Co.</u>, 82 N.Y.2d 281, 294, 604 N.Y.S.2d 510 (1993)); <u>Pennsylvania General Ins. Co. v. Austin Powder Co.</u>, 68 N.Y.2d 465, 470, 510 N.Y .S.2d 67 (1986)).  "The contract of indemnity implied by law in favor of one who is legally liable for the negligence of another covers loss or damage, and not

---

[3]   There, the Court recognized that an unripe claim may be asserted under certain circumstances: "New York courts allow that a technically unripe claim may proceed in certain limited circumstances for the sake of judicial economy and fairness. ...  The exception generally only applies where parties seek to "establish their rights and liabilities in one action" by impleading a third party or filing cross-claims against co-defendants. ... It appears clear, therefore, that because this is a separate action, in a different court, a New York state court would not see any justification to depart from the general rule that payment must be made before contribution sought." <u>Merchants</u>, 2005 WL 1631145 at *2.  In the instant action, the indemnification claim is not resolved by the factual and legal issues to be resolved in adjudication of the plaintiff's primary claims against Simses, and would not even accrue unless and until a third-party imposed a claim or penalty against Scipar.  In other words, the resolution of the original claims asserted by Scipar against Simses would not lead to the ripeness of the indemnification claim against Simses.  Thus, absent some action by a non-party to this action (which may never occur), Scipar's indemnification claim could not be resolved in this litigation.

mere liability. Thus, until the judgment is actually paid, there is no damage and no recovery." Harris v. Standard Accident & Ins. Co., 297 F.2d 627, 635 (2d Cir.1961), cert. denied, 369 U.S. 843 (1962)(internal quotations omitted). Inasmuch as such a claim would be subject to dismissal without prejudice at this time, it would appear futile to include an indemnification claim in the Amended Complaint.

In light of the above, the plaintiff's motion to amend the complaint is denied to the extent the plaintiff seeks to assert an unripe indemnification claim against Simses, but is otherwise granted.  **Any such Amended Complaint shall be filed by September 30, 2008. The defendant shall file an answer or otherwise respond to the Amended Complaint by October 17, 2008.**

## Motion to Modify the Scheduling Order

The defendant seeks to extend the discovery period in this case.  In light of the resolution of the above motions, modification of the Scheduling Order is appropriate.  The following dates shall apply:

> 1.  All discovery in this matter shall be completed by January 30, 2009. All motions to compel shall be due at least 30 days prior to that discovery cutoff date.
>
> 2.  The parties shall identify any expert witnesses through interrogatories pursuant to Fed.R.Civ.P. 26(b)(4) as follows: (1) plaintiff shall identify any expert witnesses by December 1, 2008, (2) defendant shall identify any expert witnesses by January 15, 2009. All discovery relating to experts shall be concluded by January 30, 2009.
>
> 3.  Dispositive motions, if any, shall be filed no later than March 27, 2009. Such motions shall be made returnable before the

Magistrate Judge.

4. No extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension.

So Ordered.

                                                                                         /s/ Hugh B. Scott
                                                                                    United States Magistrate Judge
                                                                                    Western District of New York

Buffalo, New York
August 15, 2008