UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCIPAR, INC.,
A New York Corporation,

                Plaintiff,

                                        DECISION AND ORDER
   v.                                        07-CV-063A

CAROLYN A. SIMSES,
a Connecticut Resident,

                Defendant.

---

## **BACKGROUND**

In this case, the defendant, Carolyn A. Simses, used to work for the plaintiff, Scipar, Inc. ("Scipar"), in its accounting department, until it was discovered that she devised and executed a scheme to embezzle money. Defendant was prosecuted in state court, pleaded guilty and was ordered to pay over $200,000 in restitution, which she has paid.

On February 1, 2007, Scipar brought this action, asserting state law claims of breach of fiduciary duty, conversion, unjust enrichment, and fraud. Scipar also moved for a preliminary injunction attaching certain assets. On February 21, 2007, the parties filed a stipulation of attachment which was approved or "so ordered" by the Court on February 26, 2007.

On January 2, 2008, Scipar moved to hold Simses in civil contempt

for violating the stipulation/order.  Scipar claims that in violation of the stipulation/order, Simses spent money to buy a new SUV and to support her family.  Scipar takes the position that the stipulation/order precluded Simses from spending any money, even to support her family.

Simses responds that the money she has spent to support her family is money she has earned since the time of the stipulation/order working as a bookkeeper at a yacht club in Connecticut.  She argues that the stipulation/order applied only to existing property located in the State of New York.  In fact, the attached property was listed in the stipulation/order.  The stipulation/order did not, according to Simses, prevent her from earning a living and supporting her family.

After reviewing the submissions of the parties and hearing argument from counsel, the Court denies Scipar's motion for civil contempt.

## DISCUSSION

The judicial power of contempt is circumscribed and "[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." Chao v. Gotham Registry, Inc., 514 F.3d 280, 291 (2d Cir. 2008) (internal quotations and citation omitted)..  A party may be held in civil contempt only where a plaintiff establishes: (1) the order allegedly violated was clear and unambiguous; (2) the proof of non-compliance is clear and convincing; and (3) the defendant has not been reasonably diligent and energetic in attempting to

comply. Id. (citations omitted).

Applying this standard to the instant case, the Court denies Scipar's motion for civil contempt. The stipulation/order, which in fact was drafted by Scipar's counsel, did not clearly and unambiguously preclude Simses from working and earning money, and then spending that money to support her family. Such an order could not possibly have been contemplated by the parties and was certainly not contemplated by this Court. Simses, of course, had to continue living and supporting her family, which would obviously necessitate the expenditure of funds. A reasonable interpretation of the stipulation/order is that it applied only to Simses' *existing* property and not to any wages she might have earned in the future. In addition, the language in the stipulation/order appears to limit its reach to existing property located "within the State of New York," not future wages earned in Connecticut. As far as the Court is aware, Simses has scrupulously complied with the restrictions in the stipulation/order and has not disposed of any of the property listed therein. Accordingly, there is no basis for her to be held in civil contempt.

## **CONCLUSION**

For the reasons stated, the Court denies Scipar's motion for civil contempt. The case is referred back to Magistrate Judge Hugh B. Scott for further proceedings.

SO ORDERED.

                                         s/ *Richard J. Arcara*
                                         HONORABLE RICHARD J. ARCARA
                                         CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT

DATED:  September 29 , 2008