UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Scipar Inc.,

      Plaintiff,

                   Hon. Hugh B. Scott

                   07CV63A

      v.

                   **Decision
                   & Order**

Carolyn A. Simses,

      Defendant.

_____

Before the Court are the following motions: the plaintiff's motion to compel discovery (Docket Nos. 71); the plaintiff's motion to enforce a settlement agreement (Docket Nos.80) and the plaintiff's motion to extend time for discovery (Docket No. 84).

**Background**

The plaintiff, Scipar, Inc. ("Scipar"), alleges that defendant Carolyn Simses[1] was employed by Scipar in an accounting capacity. It is alleged that in that capacity Simses paid the

---

[1] The plaintiff voluntarily dismissed this action as against Kevin Simses (Docket No. 21).

1

Scipar corporate taxes, made deposits, handled payroll, and paid the expenses of the company (she was allegedly authorized to write checks of up to $10,000.00). (Docket No. 1 at ¶ 7). Scipar asserts that from 1998 until her resignation in May of 2006, Simses undertook a scheme to misappropriate, embezzle and steal corporate funds. The plaintiff alleges that Simses provided a written statement to law enforcement officials stating that she "would create a false bill and invoice and issue a check to [herself] and make a false entry in company Quick Books indicating it was paid to a vendor supplier." (Docket No. 1 at ¶¶ 13). Scipar alleges that the exact amount of the purported misappropriated funds is uncertain, but alleges that it equals or exceeds $213,934.00. (Docket No. 1 at ¶ 15).

Scipar instituted the instant action based upon diversity jurisdiction asserting state law claims of breach of fiduciary duty, conversion, unjust enrichment, and fraud. At the time this action was commenced, Simses was the subject of a criminal investigation by the Erie County District Attorney relating to the alleged conduct. By Order dated June 21, 2007, the Court issued a limited stay relating to discovery from Simises pending resolution of the criminal investigation against her, but not from third parties. (Docket No. 30). On October 24, 2007, the criminal investigation of the Erie County District Attorney was concluded upon Simses' conviction and sentencing on grand larceny charges in state court resulting from that investigation (Docket No. 40 at ¶¶ 6). Simses has already paid over $200,000 in restitution to Scipar in this matter. (Docket No. 41 at ¶ 13). The plaintiff maintains that it has suffered damages in excess of that amount.

The plaintiff filed a motion to compel discovery (Docket No. 71). Subsequent to that filing, a mediation certification was filed by the mediator assigned to this case indicating that a settlement had been reached. (Docket No. 78). It appears that the settlement was never

effectuated, inasmuch as no settlement agreement has been filed with the Court. The plaintiff then filed a motion to enforce the terms of the settlement (Docket No. 80) and a motion to extend the time for discovery in this matter (Docket No. 84).

## Motion to Enforce Settlement

The plaintiff moves to enforce the terms of a settlement reached during the mediation process in this matter. In a letter dated November 12, 2008, Robert B. Conklin, the mediator assigned in this matter stated that prior to any mediation session, the parties had advised him that they had agreed that the defendant would withdraw her answer in this case, allowing the plaintiff to request a hearing on the issue of damages. Conklin noted that the parties could not resolve the amount of damages through mediation. (Docket No. 80-2, Exhibit A). Conklin filed a mediation certification noting that the case had partially settled. (Docket No. 78).

No stipulation or agreement effectuating any such partial settlement was filed with the Court. It appears undisputed that the defendant sent the plaintiff a proposed stipulation seeking the plaintiff to consent that the defendant's answer be deemed withdrawn. (Docket No. 82 at ¶ 6; Docket No. 80-2 at ¶ 6). The plaintiff did not agree to the language proposed by the defendant because, among other things, it did not provide for the continuation of the plaintiff's interlocutory appeal relating to the denial of a prior sanctions motion. (Docket No. 80-2 at ¶ 6; Docket No. 82 at ¶ 9). The defendant contends that she had never agreed to a settlement which contained conditions expressly preserving the interlocutory appeal. (Docket No. 82 at ¶ 10). It is apparent that the parties have not, in fact, finalized any agreement as to a partial settlement in this case. Moreover, pursuant to Rule 29 of the Local Rules of Civil Procedure for the Western

District of New York, any stipulation affecting a case, except those made in open court and recorded by the court reporter, shall be in writing and shall be filed. Stipulations which are not filed are not to be given any effect (unless necessary to prevent injustice).

Inasmuch as no stipulation of settlement has been filed in this case, the motion to enforce the purported settlement is denied.

## Motion to Compel

The plaintiff alleges that since the commencement of this action, the plaintiff has served various discovery requests on the defendant, but that the defendant has refused to respond. The plaintiff notes that initially, the defendant obtained a stay of discovery while the criminal prosecution was pending. Subsequent to the defendant's criminal conviction, the defendant sought an additional stay of discovery in this matter. That request was denied by this Court. (Docket No. 66). According to the plaintiff, the defendant has continued to refuse to respond to discovery requests in this matter.

In response to the motion to compel, the defendant asserts that she is without resources to continue this litigation (Docket No. 76 at ¶5). Further, the defendant stated that she was hopeful that the matter could be resolved through mediation. (Docket No. 71 at ¶ 7). The plaintiff contents that because she has not received immunity from federal prosecution in this matter, she can assert her Fifth Amendment right in response to discovery requests which seek to incriminate her. (Docket No. 14). Finally, the defendant claims that the plaintiff's interrogatories and document requests are duplicative, seeking information already in the plaintiff's possession. (Docket No. 19).

4

As an initial matter, the defendant's lack of resources is not a basis for a complete failure to respond to discovery requests in this case. Similarly, the defendant's hope that the matter could be resolved though mediation also fails to provide a basis to refuse to respond to discovery requests.

A party in a civil proceeding has a constitutionally-protected right to assert his privilege against self-incrimination. See United States v. 4003-4005 Fifth Ave., 55 F.3d 78, 82 (2d Cir.1995). However, litigants denied discovery based upon an assertion of the privilege may ask the court to draw a negative inference from the invocation of that right. See Baxter v. Palmigiano, 425 U.S. 308, 318-20 (1976); LiButti v. United States, 107 F.3d 110, 121 (2d Cir.1997); see also SEC v. Martini, et al., 255 F.Supp.2d 268, 282 (S.D.N.Y.2003). This is because invocation of the privilege necessarily results in a disadvantage to opposing parties by "keep[ing] them from obtaining information they could otherwise get." See 4003-4005 Fifth Ave., 55 F.3d at 82 (citations omitted). Accordingly, when a party invokes the Fifth Amendment privilege in a civil case, courts may then preclude that party from introducing evidence that was not previously available to his or her adversary due to the party's invocation of the privilege. As this Court has noted "[d]efendant has ... chosen the tactic of seeking to bar plaintiff's access to the evidence .... [T]o the extent of pleading the Fifth Amendment, that is his right. But, in a civil case, he cannot have it both ways. By hiding behind the protection of the Fifth Amendment as to his contentions, he gives up the right to prove them." See SEC v. Benson, 657 F.Supp. 1122, 1129 (S.D.N.Y.1987). The plaintiff acknowledges that the defendant retains the right to invoke her Fifth Amendment right on any specific requests which would require an answer that would constitute an admission to a crime beyond the scope of her previous conviction. (Docket No. 77

at ¶ 10).

***The defendant is directed to respond to all outstanding discovery requests within 20 days of the date of this Order.*** The defendant may assert her Fifth Amendment right to any individual interrogatory or request where the answer to such a question would incriminate the defendant as to criminal activity. If this matter were to proceed to trial, the plaintiff may request preclusion or a negative inference instruction based upon any such assertion. The parties are encouraged to work together to phrase discovery requests, wherever possible, in a way which would allow the plaintiff to provide the sought after information without exposing herself to further criminal consequences. If a discovery request seeks information that has previously been provided, or seeks information already in the plaintiff's possession, the defendant may cite to that prior response or other source as her response to the request. The plaintiff is entitled to seek updated or current information relating to assets or to seek supplemental responses relating to prior discovery requests. If the defendant has no additional information to add to a prior response, the defendant may state so as a response to such a request.

**Motion to Modify the Scheduling Order**

The plaintiff seeks to extend the discovery period in this case. (Docket No. 84). The defendant opposes the extension of discovery, asserting that she intends to withdraw her answer in this matter. (Docket No. 87). The defendant has not yet done so. In light of the resolution of the above motions, modification of the Scheduling Order is appropriate. The following dates shall apply:

    1. All discovery in this matter shall be completed by July 30, 2009.

2. Dispositive motions, if any, shall be filed no later than October 29, 2009. Such motions shall be made returnable before the Magistrate Judge.

3. No extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension.

So Ordered.

                                                                                                /s/ Hugh B. Scott
                                                                     United States Magistrate Judge
                                                                     Western District of New York

Buffalo, New York
June 19, 2009